On Application por a Writ of Certiorari.
The opinion of the court was delivered by
Miller, J.
Thei’elator made a seizure in the justice’s court under his judgment, and a third opposition was filed, asserting a superior privilege of the opponent on the proceeds of sale. The judgment of the justice was in favor of the opponent on his claim against the defendant, but rejecting the asserted privilege on the proceeds, and the opponent appealed to the District Court. The plaintiff in the original suit, the relator here, moved to dismiss the appeal, or rather plead to the jurisdiction of the District Court, on the ground that the proceeds of the constable’s sale, costs deducted, were Dot sufficient in amount to give the District Court jurisdiction. The plea to the jurisdiction was overruled, judgment rendered in favor of *1057 appellant, and relator now seeks by this writ to prohibit the District Judge from proceeding any further in the suit brought from the justice court by appeal.
The answer of the District Judge is that the plea to the jurisdiction was not filed until the testimony on the trial was closed. Testimony as to the amount of the costs incurred in the lower court was offered, the relator insisting that the proof reduced the amount that in any event could accrue to the opponent below the appellate juris - diction of the District Court. Constitution, Art. 111. The judge, in his return, states that the proof was not sufficient to exclude the jurisdiction of the appeal, that the opponents claim exceeded ten dollars, and the proceeds were in excess of that amount.
We are asked in effect to pass on a question of fact to reach the conclusion the District Court had no jurisdiction. That question was passed on by the lower court, and its conclusion was it had the jurisdiction to render the judgment of which the relator complains. If this court has the power on this application to pass on the disputed question of fact on which the jurisdiction of the lower court depends, at least, the defect of jurisdiction must be clear. We do not find that basis for the writ in this case. The scope of the certiorari is to correct proceedings in an unappealable case, absolutely void as the Code expresses it. C. P., Arts. 857, 864. We find no such error on the face of the record. The error alleged is the erroneous determination by the lower court of a question of fact in maintaining its jurisdiction. We do not think we can review that decision on the writ of certiorari, especially as the ground to hold the lower court had no jurisdiction is by no means clear. State ex rel. Gooch vs. Robinson, 38 An. 968; State ex rel. Wintz vs. Judge, 32 An. 1222; State ex rel. Broussard vs. Judge, 39 An. 776.
It is therefore ordered that our preliminary order on this application be set aside, and it is now ordered and adjudged that this application be denied.